IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARY WILLMON                                                                                     PLAINTIFF

vs.                                         Civil No. 6:11-cv-06089

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mary Willmon ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on August 13, 2009.  (Tr. 10).  Plaintiff alleged she was disabled due to depression. (Tr. 119). Plaintiff alleged an onset date of July 1, 2006. (Tr. 119).  This application was denied initially and again upon reconsideration.  (Tr. 73-80). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

was granted. (Tr. 86).

Plaintiff's administrative hearing was held on July 29, 2010, in Hot Springs, AR. (Tr. 53-70). Plaintiff was present and was represented by counsel, Charles Padgem, at this hearing. *Id.* Plaintiff, and Vocational Expert ("VE") David Elmore, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had an eighth grade education. (Tr. 56).

On October 19, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 10-18). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 13, 2009. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the severe impairments of depression and personality disorder. (Tr. 12, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-16, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels where interpersonal contact was incidental to the work performed and the tasks were no more complex than those learned and performed by rote. *Id.*

The ALJ also evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16, Finding 5). The ALJ determined Plaintiff had no PRW. *Id.* The ALJ determined that although Plaintiff had worked in the past, her earnings fell below the SGA threshold. *Id.*

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 17, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a cleaner in a hospital with approximately 3,700 such jobs in Arkansas and 420,000 such jobs in the nation, and work as housekeeper cleaner with approximately 3,600 such jobs in Arkansas and 400,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from August 13, 2009 through the date of the ALJ's decision. (Tr. 18, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On December 19, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 5, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7, 8. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

3

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7. Specifically, Plaintiff claims the following: (1) the ALJ erred in by finding Plaintiff could perform work in the national economy (2) the record contains inadequate evidence and (3) the ALJ improperly discounted her subjective complaints. ECF No. 7, Pgs. 2-6. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 8.

**A. ALJ's Step 5 Analysis**

Plaintiff argues the ALJ erred in finding she could perform work in the national economy. ECF No. 7, Pg. 3. Plaintiff argues the VE testified she could not perform any work. *Id.* A review of the record shows Plaintiff's argument is without merit.

During the hearing, the ALJ asked a hypothetical question of the VE involving an individual with the same chronological age, educational, and vocational background as Plaintiff. (Tr. 68-69). The VE testified such an individual could perform jobs as a cleaner in a hospital and as a housekeeper. (Tr. 68-69). The ALJ then asked a second hypothetical question involving an individual with a poor ability to maintain attention and concentration and deal with work stress. (Tr. 69). The VE testified that such an individual could not perform any jobs in the national economy. (Tr. 69). However, the ALJ did not find Plaintiff had those additional impairments. (Tr. 13, Finding 4).

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform full range of work at all exertional levels where interpersonal contact was incidental to the work performed and the tasks were no more complex than those learned and performed by rote. (Tr. 13-14, Finding 4). In response to a hypothetical question containing these limitations, the VE testified Plaintiff would be able to perform work as a cleaner in a hospital with approximately 3,700 such jobs in Arkansas and 420,000 such jobs in the nation, and work as housekeeper cleaner with approximately 3,600 such jobs in Arkansas and 400,000 such jobs in the nation. (Tr. 69). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 18).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated Plaintiff was capable of performing work existing in significant numbers in the national economy. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**B. Failure To Develop The Record**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel.  If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations.  *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984).  Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  The ALJ  must  develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled.  *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).  In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure.  *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the record contains inadequate evidence and the ALJ failed in his duty to properly develop the record.  Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision.  *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

However, Plaintiff was seen for a consultative general physical examination and a

consultative mental examination. (Tr. 175-179, 183-189). The ALJ, in his decision, relied on the findings from these consultative examinations in making his decision of finding Plaintiff not disabled. (Tr. 14-16). This medical evidence is sufficient to allow the ALJ to make an informed decision in this case.

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 7, Pg. 5. Specifically, Plaintiff claims the ALJ erred by failing to make specific findings as to the relevant evidence considered in deciding to discredit Plaintiff's testimony. *See id.* Plaintiff claims the ALJ merely decided, without any reasoning or explanation, to disbelieve Plaintiff's subjective complaints. *See id.* In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 8, Pgs. 5-7.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints as required by *Polaski*. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 14-16). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support

Plaintiff's alleged disabling pain or inability to engage in sedentary work, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) No use of medication for her alleged impairments, and (5) Inconsistencies in statements given to consultative medical examiners. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **15th day of January 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE